MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants AMAZON, INC. and GOLDEN STATE FC, LLC (now known as AMAZON.COM SERVICES, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HELEN ESTRADA, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON, INC., a Delaware Corporation; GOLDEN STATE FC, LLC, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 5:19-CV-954<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS AMAZON, INC. AND GOLDEN STATE FC, LLC (NOW KNOWN AS AMAZON.COM SERVICES, INC.)**<br><br>(Removal from the Superior Court of California for the County of San Bernardino, Case No. CIV DS 1911979) |

Gibson, Dunn & Crutcher LLP

**TABLE OF CONTENTS**

Page

TIMELINESS OF REMOVAL ................................................................................... 1

SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ..................... 1

    A.    There Is Complete Diversity of Citizenship ................................................ 3

    B.    The Amount in Controversy Exceeds $75,000 ........................................... 4

THE COURT HAS JURISDICTION AND REMOVAL IS PROPER ......................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
  No. CV188106PSGFFMX, 2018 WL 6382049
  (C.D. Cal. Dec. 6, 2018) ................................................................................................ 5

*Ayala v. Cox Auto., Inc.*,
  No. CV1606341GHKASX, 2016 WL 6561284
  (C.D. Cal. Nov. 4, 2016) ............................................................................................... 3

*Bayol v. Zipcar, Inc.*,
  No. 14–cv–02483–THE, 2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) .................. 7

*Byrd v. Masonite Corp.*,
  No. EDCV 16-35 JGB, 2016 WL 2593912 (C.D. Cal. May 5, 2016) ....................... 5

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ................................................................................ 5

*Castillo v. ABM Indus. Inc.*,
  No. 17-cv-01889, 2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) ......................... 7, 8

*Chambers v. Penske Truck Leasing Corp.*,
  No. 11-cv-00381, 2011 WL 1459155, *report and recommendation
  adopted*, 2011 WL 1739913 (E.D. Cal. 2011) ........................................................... 6

*Guytan v. Swift Transportation Co. of Arizona, LLC*,
  No. CV1700626VAPDTBX, 2017 WL 2380159
  (C.D. Cal. June 1, 2017) ............................................................................................... 8

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .......................................................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ..................................................................................... 3

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................ 5

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...................................................................... 5

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Lewis v. Verizon Commc'ns., Inc.*,
   627 F.3d 395 (9th Cir. 2010) ................................................................................ 2, 4

*Lippold v. Godiva Chocolatier, Inc.*,
   No. C 10-00421, 2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) ............................. 5

*McPhail v. Deere & Co.*,
   529 F.3d 947 (10th Cir. 2008) .................................................................................. 4

*Molnar v. 1-800-Flowers.com, Inc.*,
   No. CV 08-0542 CAS, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ....................... 7

*Patel v. Nike Retail Servs., Inc.*,
   58 F. Supp. 3d 1032 (N.D. Cal. 2014) .................................................................. 4, 5

*Ponce v. Med. Eyeglass Ctr., Inc.*,
   No. 2:15-cv-04035-CAS, 2015 WL 4554336 (C.D. Cal. July 27, 2015) ................. 8

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ...................................................................... 5

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) .................................................................................... 4

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................................... 3

**Statutes**

28 U.S.C. § 84 .................................................................................................................. 8

28 U.S.C. § 1332 ..................................................................................................... 2, 3, 4

28 U.S.C. § 1441 .............................................................................................................. 8

28 U.S.C. § 1446 ..................................................................................................... 1, 4, 5

Cal. Bus. & Prof. Code § 17200 ...................................................................................... 2

Cal. Lab. Code § 203 ....................................................................................................... 6

Cal. Lab. Code § 1102.5 .................................................................................................. 6

Gibson, Dunn & Crutcher LLP

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF HELEN ESTRADA AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Amazon, Inc.[1] and Golden State FC, LLC (now known as Amazon.com Services, Inc.)[2] (together, "Defendants" or "Amazon") hereby remove to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. CIV DS 1911979 in San Bernardino County Superior Court, State of California.  Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. Plaintiff Helen Estrada ("Plaintiff") filed her Complaint in the State Court Action on April 18, 2019.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Cover Sheet, (d) Notice of Trial Setting Conference, (e) Certificate of Assignment, (f) Proof of Service of Summons on Golden State FC, LLC, and (g) Proof of Service of Summons on Amazon, Inc. are attached hereto as Exhibits A through G to the Declaration of Katherine V.A. Smith ("Smith Decl."), filed concurrently herewith.

2. According to the Summons, Plaintiff completed service on Amazon, Inc. and Golden State FC LLC (now known as Amazon.com Services, Inc.) on April 22, 2019.  Ex. A.  This notice of removal is timely because it is filed within 30 days after service was completed.  28 U.S.C. § 1446(b).

## SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. In her Complaint, Plaintiff alleges ten causes of action against Defendants: (1) Retaliation; (2) Discrimination; (3) Failure to Pay Overtime Wages; (4) Failure to

---

[1] Amazon, Inc. did not employ Plaintiff and reserves all rights to assert that it has been improperly named as a defendant in this action.

[2] Effective January 1, 2019, Golden State FC LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc.

Provide Meal Breaks; (5) Failure to Provide Rest Breaks; (6) Waiting Time Penalties; (7) Failure to Pay All Hours Worked; (8) Failure to Provide Accurate Wage Statements; (9) Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; and (10) Private Attorney General Act. *See* Smith Decl., Ex. B (Compl.).

4. Plaintiff alleges that while employed by Amazon, she "work[ed] exclusively for eight (8) hours or more . . . while not being compensated for all overtime hours worked and not being permitted to take [her] full uninterrupted meal and rest breaks." *See* Ex. B (Compl.) ¶¶ 13, 29. She further alleges that Amazon "never sought a written waiver from [her] prior to depriving [Plaintiff] of meal breaks due under the law." *See id.* ¶¶ 13, 29. Plaintiff also alleges that she "would work before and after [her] intended shift and perform duties that were outside her job description" when she was "either not on the clock" or was "not compensated for" her time and that this time was "not accurately accounted for on [her] wage statements." *See id.* ¶¶ 14, 35.

5. Plaintiff also alleges that she was wrongfully terminated and retaliated against for taking an approved medical leave of absence for a disability / medical condition. *See* Ex. B (Compl.) ¶¶ 17-24, 40, 46, 54. Plaintiff alleges that her employment was terminated on February 2, 2018. *Id*. ¶ 23.

6. For purposes of this removal only, Amazon assumes Plaintiff's allegations are true.[3]

---

[3] Defendants deny that liability or damages can be established as to Plaintiff. Defendants do not concede and reserve the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable California law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Defendants' notice seeks only to establish that the amount in controversy is more likely than not in excess of section 1332's jurisdictional minimum. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

7.     Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  Defendants deny Plaintiff's factual allegations and deny that she is entitled to the relief requested.  However, based on the allegations in the Complaint and the prayer for relief, all requirements for federal jurisdiction under section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.     There Is Complete Diversity of Citizenship**

8.     Plaintiff and Defendants are "citizens of different states."  28 U.S.C. § 1332(a).

9.     For diversity purposes, a person is a citizen of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his or her domicile.  *Ayala v. Cox Auto., Inc.*, No. CV1606341GHKASX, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff is an individual residing in the County of San Bernardino, California, and thus is a citizen of the State of California.  *See* Smith Decl., Ex. B (Compl.) ¶ 5.

10.     Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  Defendant Amazon, Inc. is incorporated under the laws of Delaware and has its headquarters in Seattle,

Washington.  Declaration of Denicia "JP" Prather ("Prather Decl.") ¶¶ 4–5.  Accordingly, Defendant Amazon, Inc. is a citizen of the States of Washington and Delaware for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).  Further, as a citizen of Washington and Delaware, Defendant Amazon, Inc. is not a citizen of California, the state in which the action is pending.

11.  As noted above, effective January 1, 2019, Golden State FC LLC, which is named as a defendant in this action, merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc.  Prather Decl. ¶ 6.

12.  Amazon.com Services, Inc. is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington.  Prather Decl. ¶¶ 7–8.  Accordingly, Amazon.com Services, Inc. is a citizen of the States of Washington and Delaware for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

13.  Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and both Defendants.  *See* 28 U.S.C. § 1332(a).

**B.    The Amount in Controversy Exceeds $75,000**

14.  Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B).  Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction."  *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will

recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

15. A removing defendant is not required to "'research, state, [or attempt to] prove the plaintiff's claims for damages.'" *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g., Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV188106PSGFFMX, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

16. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

17. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff seeks, among other relief, back pay, multiple statutory penalties under the California Labor Code, attorney's fees, and punitive damages. *See* Smith Decl., Ex. B (Compl.) at 23; 28 U.S.C. § 1446(c)(2); *see*

*also, e.g.*, *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB, 2016 WL 2593912, at *2-7 (C.D. Cal. May 5, 2016) (reviewing various categories of wage-and-hour relief as part of removal analysis).

18.  Plaintiff seeks lost wages or back pay for her retaliation and wrongful termination claims.  Plaintiff's average hourly wage over the course of her employment with Amazon was approximately $12.75.  *See* Prather Decl. ¶ 3.  Based on that average, the weekly pay for a full-time employee, which Plaintiff alleges she was, *see* Ex. B (Compl.) ¶ 13, can be estimated at $510.  Plaintiff alleges she was terminated on February 2, 2018.  *Id.* ¶ 23.  For removal purposes, back pay is typically calculated by multiplying an employee's hourly wage by the number of workweeks between her termination date and the date of removal.  *See Chambers v. Penske Truck Leasing Corp.*, No. 11-cv-00381, 2011 WL 1459155, *3, *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. 2011).  That would yield estimated back pay of at least **$34,170** ($510 x 67 workweeks).

19.  Plaintiff seeks a statutory penalty of $10,000 under Labor Code section 1102.5, which permits such a penalty to be imposed against a corporate employer for retaliating against an employee who exercises her legal rights.  *See* Ex. B (Compl.) ¶ 51; *see also* Cal. Lab. Code § 1102.5(f).  Plaintiff alleges that Amazon retaliated against her by terminating her after she notified Amazon of her need to take a medical leave.  *See* Ex. B (Compl.) ¶¶ 40, 44-46.  Accordingly, the **$10,000** penalty is properly included within the amount in controversy.

20.  Plaintiff seeks waiting time penalties for failure to pay all wages due at termination pursuant to Labor Code section 203.  *See* Ex. B (Compl.) ¶¶ 80-82.  Plaintiff alleges that she is entitled to "penalties in the amount of PLAINTIFF's daily wages, multiplied by thirty (30) days."  *Id.* ¶ 82; *see also* Cal. Lab. Code § 203 (if an employer fails to pay all wages due an employee at the time of termination, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days).

Assuming an average hourly wage of $12.75 per hour, for 8 hours a day for 30 days, Plaintiff's claim for waiting time penalties places an additional **$3,060** in controversy.

21. Plaintiff seeks wage statement penalties under Labor Code section 226 for inaccurate wage statements. *See* Ex. B (Compl.) ¶¶ 35-38, 87-94. An individual employed for at least 41 pay periods wherein each wage statement failed to comply with section 226 would be entitled to the statutory maximum penalty of $4,000. Plaintiff alleges she was provided inaccurate wage statements between May 17, 2014 and February 2, 2017. *Id.* ¶ 90. That period encompasses 141 weeks, or at least approximately 70 pay periods. Therefore, Plaintiff would be entitled to the statutory maximum penalty of **$4,000** were she to prevail on her wage statement claims.

22. This Court may also consider Plaintiff's request for punitive damages for her wrongful termination claim in determining the amount in controversy. *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *4 (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law."). Assuming a conservative punitive damages award based upon a one to one ratio would place at least an additional **$34,170** in controversy. *See Bayol v. Zipcar, Inc.*, No. 14–cv–02483–THE, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative" 1:1 ratio for punitive to compensatory damages for determining whether amount in controversy threshold was met (citing *Guglielmino*, 506 F.3d at 701)).

23. Plaintiff also seeks attorney's fees pursuant to Cal. Gov't Code § 12965. *See* Ex. B (Compl.) at 23. Although the Ninth Circuit has not conclusively addressed whether post-removal attorney's fees should be included in the amount in controversy, "recent cases in this district hold that post-removal attorneys' fees should be included." *Castillo v. ABM Indus. Inc.*, No. 17-cv-01889, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (collecting cases). Further, the Central District has "determined that 'an appropriate and conservative estimate' for attorneys' fees in [individual]

employment cases in this district 'may reasonably be expected to equal at least $30,000.'" *Id.*; *Guytan v. Swift Transportation Co. of Arizona, LLC*, No. CV1700626VAPDTBX, 2017 WL 2380159, at *3 (C.D. Cal. June 1, 2017) (citing *Sasso*, 2015 WL 898468, at *6); *see also Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-cv-04035-CAS (JEMx), 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (estimating $30,000 of attorneys' fees in a single-plaintiff employment case).

24. The inclusion of $30,000 in attorneys' fees would increase the total amount in controversy to **$115,400**. The total amount is certainly higher, as this figure does not include Plaintiff's meal and rest break claims, overtime claims, or her PAGA claims.

## THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

25. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because

   a. This is a civil action within the meaning of § 1332(a);
   b. The properly named parties are citizens of different states as required by § 1332(a)(1); and
   c. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

26. The United States District Court for Central District of California, Eastern Division is the federal judicial district in which the San Bernardino County Superior Court sits. This action was originally filed in the San Bernardino County Superior Court, (*see* Smith Decl., Ex. B (Compl.)), rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

27. True and correct copies of the (a) Summons, (b) Complaint, (c) Civil Cover Sheet, (d) Notice of Trial Setting Conference, (e) Certificate of Assignment, (f) Proof of Service of Summons on Golden State FC, LLC, and (g) Proof of Service of Summons on Amazon, Inc., are attached as Exhibits A through G to the Smith

Gibson, Dunn & Crutcher LLP

8

Declaration, filed concurrently herewith.  These filings constitute the complete record of all records and proceedings in the state court.

28. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Bernardino County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated:  May 22, 2019

MICHELE L. MARYOTT
KATHERINE V.A. SMITH
LAUREN M. BLAS
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Katherine V.A. Smith*
Katherine V.A. Smith

Attorneys for Defendants AMAZON, INC. and GOLDEN STATE FC, LLC (now known as AMAZON.COM SERVICES, INC.)

103311476.4